HOFFMANN, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 9 — December 23, 1885.*

CRIMINAL LAW AND PRACTICE. *(1) Remarks of counsel to jury: Error not presumed. (2) Assault and battery:* Res gestæ: *Cause of wounds. (3) New trial: Newly discovered evidence.*

1. In a criminal action for an assault and battery, the district attorney in his argument to the jury said: "It is time that such cases as this stop coming to the circuit court of Racine county." The circuit court held the remark unobjectionable. On appeal, it not appearing what else was said on the argument nor what were the grounds of the ruling of the court below, this court presumes that some state of facts existed which justified the ruling.
2. The evidence tended to show that the accused inflicted a wound with a stone on the face of the complaining witness, and that at about the same time the father of the accused inflicted another wound on his head with a club. *Held,* that the wounds were of the *res gestæ,* and the causes of them proper subjects of inquiry by the jury.
3. A mere showing that a witness for the prosecution gave testimony in a civil action for an assault, different from and more favorable to the defendant than that previously given by him in a criminal action for the same assault, will not justify the granting of a new trial in the criminal action on the ground of newly discovered evidence.

ERROR to the Circuit Court for *Racine* County.

The case is stated in the opinion.

For the plaintiff in error there was a brief by *Merton & Kearney,* and oral argument by *Mr. Merton.* To the point that it was error to allow the district attorney to use the language objected to, they cited *Regan v. State,* 46 Wis. 256; *Ferguson v. State,* 49 Ind. 33; *State v. Smith,* 75 N. C. 306; *Devries v. Haywood,* 63 id. 53; *Jenkins v. N. C. O. D. Co.* 65 id. 563; *State v. Williams,* id. 505; *Cleveland Paper Co. v. Banks,* 15 Neb. 20; *Crawford v. State,* 15 Tex. App. 501;

*State v. Foley*, 12 Mo. 431; *Brow v. State*, 2 N. E. Rep. (Ind.), 296.

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error.

LYON, J. The plaintiff in error was complained against before a justice of the peace, for assaulting and beating one Tyloch, and was tried and convicted. He appealed to the circuit court from the judgment of the justice, imposing a fine upon him. A trial in the circuit court also resulted in a conviction, and the plaintiff in error was sentenced to thirty days' imprisonment in the county jail. He has sued out a writ of error from this court to obtain a review of the judgment of the circuit court. The errors assigned as grounds for reversing the judgment will be considered in their order.

1. During his closing argument to the jury, the district attorney said: "It is time that such cases as this stop coming to the circuit court of Racine county." Counsel for the accused objected to such remark, but the court held it unobjectionable. It was urged by counsel for the plaintiff in error that the remark must have had reference to the expense to the county caused by such appeals, and was a solicitation to the jurors, as tax-payers, to put down such appeals, and save the expense of them, by convicting every defendant in an assault and battery case who had the temerity to appeal to the circuit court from a conviction before a justice of the peace.

If such was the necessary significance of the remark by the district attorney, we should undoubtedly be compelled to hold that the approval thereof by the court was an error fatal to the judgment. It would in that case have been a direct appeal to the cupidity of the jurors to lessen their taxes by convicting the accused without regard to the evidence.

The record does not inform us of anything else said by counsel on either side in their arguments. We are entirely ignorant of the line of argument pursued by them, or in what connection the objectionable remark was made. It is just as strong a denunciation against committing assaults, or against prosecuting therefor after they have been committed, as it is against appealing to the circuit court from convictions before justices of the peace for assaults. It may be, the district attorney followed the remark under consideration with other remarks like these: "I would stop having these cases brought here by inducing all persons to abstain from committing assaults; or, if assaults be committed, I would have the injured party suffer and forgive the injury, and keep out of court." Surely such observations would take the sting out of the remark complained of. Again, the argument of counsel for the plaintiff in error may have been such that the remark of the district attorney in reply was responsive thereto and entirely proper. Other conditions may have been present which rendered the remark proper, or at least harmless to the accused. Error is not to be presumed; indeed, the presumption is the other way. With no knowledge of anything else that was said in the arguments, or of the grounds upon which the circuit judge ruled as he did, we must presume that some state of facts existed which justified the ruling.

2. The testimony tends to show that the plaintiff in error inflicted a wound on the face of Tyloch, the prosecutor, with a stone, and that at or about the same time, and in the same affray, the father of the accused inflicted another wound on the head of Tyloch with a club. On behalf of the plaintiff in error the court was requested to instruct the jury "that they did not need find the causes of the two wounds on the head of the complaining witness, Andrew Tyloch. The simple question for you to consider is, Did *Emil Hoffmann*, the defendant in this case, throw the stone

Hoffmann vs. The State.

in question?" The court refused to give the proposed instruction. The refusal was proper. The wounds were of the *res gestœ*, and the causes of them proper subjects of inquiry by the jury. Were this otherwise, we are unable to perceive how the proposed instruction could possibly have benefited the accused had it been given.

3. On the trial in the circuit court one Stritenski was called by the prosecution as a witness, and gave testimony which, we assume, was material, and adverse to the accused. Afterwards, in a civil action between the same parties, founded on the same alleged assault and battery, the same witness was called, and gave testimony differing from, and, as we assume, much more favorable to the plaintiff in error than was his former testimony. This difference was shown to the court by the reporter's minutes of his testimony in the civil action, duly verified, and a motion for a new trial was based upon it. The motion was denied, and error is assigned upon such denial. This is not a case of newly discovered evidence upon which a new trial should be granted. We have here merely a showing that a witness for the prosecution testified to one state of facts on the trial of this case, and to a different state of facts on the trial of another action. Which of these conflicting statements is true, and which false, or how the same witness would testify on another trial, does not appear. A new trial cannot properly be granted for such a cause.

We find nothing in the record which will justify a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.