ESTEY and another, Appellants, vs. SNYDER, Respondent.

*April 11 — April 29, 1890.*

*Agency: Authority to receive payment.*

Defendant purchased an organ from plaintiffs' agent, giving a chattel mortgage to plaintiffs for a part of the price. The original mortgage was sent to plaintiffs and a copy filed. Afterwards the

Estey and another vs. Snyder.

agent collected the money and took the copy of the mortgage from the files and delivered it to defendant, but failed to remit the money so collected to plaintiffs. It appeared that the agent had been allowed to make collections in such cases, but plaintiffs had always retained the original securities until the money was paid over to them. *Held*, that the agent had authority to collect the money and discharge the mortgage.

APPEAL from the Circuit Court for *Waukesha* County.

Replevin for an organ which had been sold by the plaintiffs, through their agent Hills, to the defendant for the agreed price of $130. Fifty-five dollars of the purchase price was paid at the time of the sale, and the balance, payable one year thereafter, was secured by a chattel mortgage or conditional bill of sale of the organ, executed by the defendant to the plaintiffs. The original mortgage was sent by the agent to the plaintiffs, and a copy was duly filed in the office of the town clerk of the town in which the defendant resided. About two months after the sale, at the request of the agent Hills, the defendant paid to said agent the balance of the purchase price, and received from him the copy of the mortgage, which was then taken from the files and upon which Hills wrote the words: "Paid in full." Hills also promised to obtain from the plaintiffs the original mortgage, but never did so, nor did he turn over to the plaintiffs the balance of the purchase price of the organ, so collected by him.

The plaintiffs claim to be the owners of the organ under the mortgage. The defendant claims to have paid therefor in full. Other facts are stated in the opinion. The trial court directed a verdict in favor of the defendant, and from the judgment entered thereon the plaintiffs appeal.

*D. H. Sumner*, for the appellants.

For the respondent there was a brief by *C. E. Armin*, attorney, and *F. C. Park*, of counsel, and oral argument by *Mr. Armin*.

COLE, C. J.  The only litigated question in this case was, Had the agent Hills authority to collect from the defendant money secured by the chattel mortgage, and to discharge the obligation, so as to bind the plaintiffs by his acts in that regard?  If he had such authority expressly conferred, or if the plaintiffs had permitted him to collect money due and unpaid for organs which he had sold, and it was customary for him to collect such money, then there was no error in the trial court directing a verdict for the defendant; for in that event it is evident that the defendant was the owner of the property in controversy and entitled to its possession, the fact not being disputed that he had fully paid Hills for it.

It does not appear from the evidence that any specific restrictions were placed upon Hills' authority in collecting moneys, the payment of which was secured by chattel mortgages, but the proof is clear and decisive that he had often collected money on such instruments.  The principal witness for the plaintiffs, Mr. Maynard, who testified as to the authority of Hills and the manner of doing the business, says, in substance:  Hills was not our agent to make collections on a paper in any instance.  When he received paper security, he sent it to the office.  He was never our agent to make the collection.  He did make the collections and send the money, and, of course, we accepted it when it arrived, but we always held the instrument until we received the money.  Thus it appears from the testimony of this witness that Hills sometimes collected the money on chattel mortgages; was allowed to do it by his principals, who accepted the money thus collected, and sent the original papers to him, to be handed, we suppose, to the debtor or the party executing them.  This was the way in which the business was done, and it seems to us idle to contend, in the face of such testimony, that Hills had no authority, express or implied, to do what he did in collecting the

money on the chattel mortgage which the defendant gave for the unpaid price of the organ; for, if Maynard were to be believed, and there is certainly nothing to discredit his statement, Hills did make such collections, and was allowed to make them. True, the witness is not entirely consistent in his testimony, and seeks to convey the idea that the agent only had authority to make such collections in cases where he remitted the money thus collected to the office at Chicago. In other words, the witness would have us believe that Hills was agent to make collections when he was honest and faithful in transmitting funds so collected, but had no authority to make them when he was unfaithful or failed to remit them. But such a distinction is not sustained in the law. Hills either had authority to make such collections, or he had not. If he had the authority, it will not do for the plaintiffs to hold him out to the world as having it, and that his acts are binding upon them when he remits the collection, and at the same time repudiate his acts when he fails to remit them. This would impose upon the debtor the responsibility of answering for the faithfulness and integrity of the agent, which the law does not do. There would be no safety in transacting business with an agent on such a principle. Of course, it was easy and competent for the plaintiffs to limit the power of their agent, and not allow him to make collections of money secured by chattel mortgages and other instruments, but they could not allow him to make them " when he turned the money in," and deny his authority to make them when he did not. There is no justice nor reason in such a rule of law, and we do not think it exists; and as it appeared from the testimony offered on the part of the plaintiffs that Hills sold organs on credit, and collected the money with their approval, and by their course of dealing they held him out to the community as having authority to receive payments, they are certainly bound by his acts in that regard.

The learned counsel for the plaintiffs says an authority given to an agent to make sale of property and take a note payable to his principal, does not warrant the presumption of authority in the agent to receive payment, the note not being in his possession. But the authority of Hills to make collection of money on the chattel mortgage given by the defendant does not rest on mere presumption, because Maynard says, in effect, that he was allowed to make such collections when he sent forward the money to Chicago. That fact is abundantly shown by the testimony on the part of the plaintiffs, as we understand it. Consequently we must hold, upon the evidence introduced on the part of the plaintiffs, that Hills had authority to collect the money on the chattel mortgage given by the defendant, and give a discharge of such mortgage upon the payment thereof. This view disposes of the case, and there was no question for the jury to consider. These remarks are sufficient to dispose of all questions material to be considered.

*By the Court.*— The judgment of the circuit court is affirmed.