Sᴍɪᴛʜ, Respondent, vs. Nɪᴘᴘᴇʀᴛ and others, imp., Appellants.

*February 6 — February 24, 1891.*

*Conspiracy, evidence of: Comments by counsel.*

1. Where, in an action for a conspiracy, the complaint charged one of the defendants with an assault upon the plaintiff with intent to commit a rape; and all of them with a conspiracy to injure and defame her and destroy her character and business, by causing an inquisition of lunacy to be instituted against her, especially for the purpose of destroying and invalidating her testimony against her assailant in a criminal prosecution commenced against him by her; evidence of the assault by such defendant, and of her having sworn out a warrant against him, and of his having left the state before it was served upon him, is admissible on the part of the plaintiff, as tending to prove one of the alleged objects of the conspiracy.

2. Evidence of what one defendant had heard other people remark about the appearance or sanity of the plaintiff nearly a year before such defendant instituted the proceeding in lunacy is not admissible for the defendants, as it does not tend to disprove the conspiracy or to justify the acts of the defendants.

3. Evidence that one of the defendants committed an assault upon the plaintiff with intent to rape,— that his relatives and friends communicated with him while absent from the state, and that the inquisition of lunacy was instituted by the latter, *held* sufficient to sustain a verdict for the plaintiff.

4. That counsel for the plaintiff stated in his opening that the case had been to the supreme court, or that he was allowed to comment upon the alleged assault by such defendant, and the attempt to arrest him, which the evidence tended to prove, is not sufficient ground for reversing the judgment.

APPEAL from the Circuit Court for *Sauk* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that January 11, 1888, the defendant George Fillehauer made an assault upon the plaintiff with the intent to commit the crime of rape; that the plaintiff thereupon caused a warrant to be issued for his arrest upon said charge, whereupon he left the state for parts unknown; that said warrant is still in the hands of the sheriff; that the defendant *Minnie Slentz* is the sister of said George, and that the defendant *S. D. Slentz* is her husband; that the defendant *Melissa, Nippert's* daughter, is affianced to the said George as his intended wife; that on or about July 7, 1888, the defendants wickedly and maliciously conspired together, and caused an inquest of lunacy to be instituted against the plaintiff, for the purpose of destroying her character and depriving her of the means of support, and driving her from the community in which she lived, and also for the purpose of having her confined in an asylum for the insane, in order to destroy and invalidate her testimony against the said George on said charge of rape, and to enable said George to return to Wisconsin to reside without

fear of prosecution on said charge; that in pursuance of said conspiracy, and as a part thereof, the said *Nippert* and *Minnie Slentz* wilfully, maliciously, and falsely sued out an inquest of lunacy against the plaintiff before the county judge, and made application for her commitment to some asylum for the insane; that thereupon said county judge appointed two disinterested physicians of good repute for medical skill and moral integrity to examine said plaintiff as to her sanity, and that they thereupon did examine her, July 9, 1888, and thereupon reported to said court that she was of sound mind, with no symptoms of insanity whatever; and by reason of said conspiracy the plaintiff had been damaged in the sum of $2,000.

It further appears from the record that the defendant George Fillehauer made default; that each of the other defendants separately answered, denying all the several allegations of the complaint, except the making of the complaint in the lunacy proceedings; and also alleged, in effect, that the same was done in good faith.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed her damages at $1,500. From the judgment entered upon that verdict the defendants bring this appeal.

For the appellants there was a brief by *Grotophorst, Remington & Buckley*, attorneys, and *G. Stevens*, of counsel, and oral argument by *Mr. Stevens*. They contended that the alleged assault was no part of this case, and evidence thereof was irrelevant and inadmissible. Also that it was improper to allow counsel, in commenting upon it, to appeal to the passion and prejudice of the jury. *Brown v. Swineford*, 44 Wis. 282. Evidence of what defendant had heard other people say about the appearance and sanity of the plaintiff was admissible in evidence as tending to show her intent in instituting the proceeding in lunacy. *Place v. Minster*, 65 N. Y. 89.

*R. D. Evans* and *T. J. Brooks*, for the respondent.

CASSODAY, J.   The complaint was held sufficient by this
court on demurrer on a former appeal as charging the con-
spiracy mentioned in the foregoing statement.   76 Wis. 86.
The plaintiff and the defendant George both appear to have
been of about the same age and unmarried at the time of
the offense charged.   Error is assigned by reason of the
admission of testimony on the part of the plaintiff tending
to prove that while the plaintiff was alone at her brother's
house, January 11, 1888, the defendant George came there,
threw her onto the bed, tore her clothing off, and attempted
to have connection with her against her consent, and in so
doing used violence; and that January 28, 1888, the plaint-
iff swore out a warrant against him therefor, but that no
service thereof had been made by reason of his having left
the state.

The objects of conspiracy, though numerous and multi-
form, are classified by Mr. Greenleaf.   3 Greenl. Ev. § 90.
Among the classes thus given is a conspiracy to injure a
third person by charging him with any other act tending
to disgrace and injure him or his reputation, trade, or pro-
fession, or an act tending to obstruct, pervert, or defeat the
course of public justice.   Such is the nature of the objects
alleged in the complaint.   From the very nature of the case
the evidence in proof of a conspiracy is generally circum-
stantial.   *Id.* § 93.   But the evidence must be confined to
the particular allegations contained in the indictment.
Thus, if the indictment charges a particular intent, it must
be proved.   " But if the alleged intent be to accomplish
several illegal objects, it will not be necessary to prove all
the particulars of the charge, but it will be sufficient if a
conspiracy to effect any one of the illegal objects mentioned
in the indictment be proved."   *Id.* § 96.   The evidence thus
admitted manifestly tended to prove one of the objects
thus alleged.   After all, the unlawful combination or agree-
ment is the gist of the offense.   *Id.* § 91.   Thus it has re-
cently been held in England that the prosecution could be

maintained even where the object of the conspiracy was an impossibility.   *Queen v. Whitchurch*, 24 Q. B. Div. 420.

Such being the law applicable, we perceive no error in excluding testimony on the part of the defendant *Nippert* as to what she heard other people remark upon the appearance or sanity of the plaintiff in the fall of 1887.   Such idle gossip, at so remote a period, did not tend to disprove the alleged conspiracy, nor any of the alleged objects of conspiracy, nor to justify the action taken by the witness and *Mrs. Slentz*, July 7, 1888.   Besides, *Mrs. Nippert* frankly admits that she instituted the application for the inquisition without making any investigation as to the plaintiff's sanity or insanity.   It is claimed that the verdict is not sustained by the evidence.   But, in view of the relationship of the defendants to each other, their communications with George, who was absent, and with each other, the offense charged against George, and the steps taken to have the plaintiff committed to the asylum, and all the facts and circumstances in the record, we are constrained to hold that the verdict is sustained by the evidence.

There is nothing in the record that would justify us in holding that there was an abuse of discretion in refusing to set aside the verdict on the ground that the damages were excessive.

Exception is taken to the remarks of counsel in opening the case, and also in arguing the case to the jury.   The mere fact that the counsel stated in opening that the case had been to the supreme court, is no ground for reversal. No judgment is to be reversed by reason of any error in the proceedings which does not affect the substantial rights of the adverse party.   Sec. 2829, R. S.   The court, in effect, stopped the counsel, and excluded his attempt to give an historical account of similar cases.   Exception is taken because counsel was allowed to comment upon the alleged assault upon the plaintiff by the defendant George, the at-

Marvin and another vs. The Chicago, Milwaukee & St. Paul R. Co.

tempt to arrest him, and his departure from the state. But the evidence in the record tends to prove that such were the facts; and we know of no rule which excludes counsel from commenting upon them. In arguing a case to the jury counsel necessarily have a broad latitude. The administration of justice requires it. The trial judge is necessarily familiar with all the facts and circumstances, as well as all shades, of the evidence. He must necessarily have a broad discretion in such matters. Error is not to be presumed in such case. If counsel abuse their privilege, or the trial court its discretion, and such abuse is made to appear affirmatively in the record, then an exception to the same will be sustained; otherwise it will be overruled. Such have been the repeated rulings of this court. *Santry v. State*, 67 Wis. 67; *Baker v. State*, 69 Wis. 41; *Kircher v. Milwaukee M. M. Ins. Co.* 74 Wis. 472; *Lathers v. Wyman*, 76 Wis. 624.

*By the Court.*— The judgment of the circuit court is affirmed.