BARCZYNSKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 28 — November 8, 1895.*

*Criminal law and practice: Improper remarks of counsel.*

Remarks of the district attorney in his argument on a trial for murder, as to other stabbing affairs similar to the case at bar and their frequency in the city, are *held* not a ground for reversal of the conviction, it appearing that counsel for the accused had previously gone outside of the record and talked of other cases, and that what the district attorney said was by way of reply, and the trial court, in its charge, having condemned such remarks and having instructed the jury not to consider, but to studiously disregard and dismiss from their minds, all references to matters outside of the case in hand.

ERROR to review a judgment of the municipal court of Milwaukee county: EMIL WALLBER, Judge. *Affirmed.*

The plaintiff in error was charged in the information with having feloniously, wilfully, and with malice aforethought killed and murdered John Soocha, Jr., in Milwaukee, December 23, 1893. He pleaded not guilty.

On the trial the district attorney, in closing his argument to the jury, said: "We have had too many stabbing affairs in the city. Within forty-eight hours we have had three stabbing affairs in the city of Milwaukee. In the hospital up here, lying at the point of death perhaps, to-day, is a young man stabbed to the quick by a knife,— one of the kind that this boy was stabbed with." At the close of the district attorney's argument, the counsel for the accused said: "It is with sincere regret that I call your honor's attention to the fact that, in the closing argument of this case, the district attorney has overstepped the bounds to which he is limited. We have had the language taken down by the reporter, and we duly except to it, and we further request the court to instruct the jury to this effect: 'The

court instructs you that all references made by the district attorney in his argument to other stabbing affairs, and particularly his reference to matters outside of this case occurring within the last forty-eight hours, are not a part of the evidence before you, and you must not consider them.'" The district attorney thereupon said: "In that connection I want the record to show this further fact that the attorneys for the defendant, in their argument, alluded to the fact of other cases being in this court; that they alluded to the fact that another case was tried in this court in which the defendant may have been a robber and a thief, but this was not one of these cases, and to the fact that in this court another case was tried, in which an old woman was murdered by a man, and other crimes being committed, and that the district attorney, in answer to the arguments of counsel in that respect, used the language which he did. That is what I desire the record to show, and I have no objection to that instruction."

The court thereupon charged the jury, and near the close of his charge said: "Your verdict, gentlemen, must be based upon the evidence in this case, and the evidence alone; and it matters not whether other cases involving the same or similar facts and circumstances are now pending in this court. It matters not whether other cases involving similar circumstances have occurred recently in this city, or are likely to occur. But this defendant must be judged, and judged alone, upon the facts and circumstances of *this* case, and upon the evidence as it has disclosed those facts and circumstances before you. And in this connection I will give you the instruction that has lastly been asked by the defendant's counsel." And thereupon the court gave to the jury the instruction so requested by the attorney for the accused.

At the close of the trial the jury returned a verdict finding the accused guilty of murder in the second degree. A

motion for a new trial having been overruled, the accused was sentenced to the state prison for the term of twenty years. To review that judgment the accused has sued out this writ of error.

*W. J. Kershaw*, for the plaintiff in error, to the point that the error was not cured by the instruction, and that it was the duty of the court to stop the district attorney when he made prejudicial statements to the jury, cited *Smith v. People*, 5 Am. Crim. Rep. 615; *State v. Smith*, 1 id. 580; *People v. Treat*, 77 Mich. 348.   ·  .

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall*, Assistant Attorney General, and oral argument by the *Attorney General*. They cited *Olson v. Solveson*, 71 Wis. 663; *Wegner v. Second Ward S. Bank*, 76 id. 242; *Friemark v. Rosenkrans*, 81 id. 365; ·2 Ency. of Pl. & Pr. 730–732, 735, 736; 1 Thomp. Trials, 737, 741; *State v. Elvins*, 101 Mo. 243; *Siebert v. People*, 143 Ill. 571.

CASSODAY, C. J. It is contended that the district attorney never should have been allowed to make the remarks mentioned in the foregoing statement; that the accused was greatly prejudiced by them; that the giving of the instruction requested by the counsel for the accused did not cure the error. Certainly, the giving of such instruction in the very language requested cannot be assigned as error. Besides, the court charged the jury, in the same connection, strongly condemnatory of the remarks of the district attorney, as indicated in the statement, and then, on giving the instruction, added: " On the contrary, you must studiously disregard them and dismiss them from your minds." We do not think the court was required to say more. It does not appear that the court was requested to say more. It will not be claimed that the trial could proceed no further after the making of such remarks. Besides, it appears from the

record that the counsel for the accused had previously, in his argument, gone outside of the record and talked about other cases; and what the district attorney said was by way of reply.   As said in another case: "Counsel necessarily have a broad latitude.   Where counsel on one side transcend their privilege, counsel on the other side may, without jeopardizing their case, follow them and indulge in proper comments upon the same matter.   *Hoffmann v. State*, 65 Wis. 46.   This is substantially what is claimed to have been done here. The trial judge is necessarily familiar with all such facts and circumstances, as well as all shades of the evidence.   He must necessarily have a broad discretion in such matters. *Santry v. State*, 67 Wis. 67.   Error is not to be presumed in such a case.   If counsel abuse their privilege, or the trial court its discretion, it should be made to appear affirmatively by incorporating all essential facts and circumstances showing it in the record.   *Hoffmann v. State*, 65 Wis. 46.   We cannot say from this record that there was any such abuse of privilege or discretion."   *Baker v. State*, 69 Wis. 41.   To the same effect: *Smith v. Nippert*, 79 Wis. 139, 140, and cases there cited; *Laue v. Madison*, 86 Wis. 462.   No other error is assigned.

*By the Court.*— The judgment of the municipal court of Milwaukee county is affirmed.

